IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE PHILLPOTS | * | |
| v. | * | Civil Action No. RDB-09-2464 |
| UNITED STATES OF AMERICA | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-07-0122 |
| WAYNE PHILLPOTS | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On September 15, 2009, Wayne Phillpots ("Phillpots" or "Petitioner"), a federal inmate, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  In his motion, Phillpots challenges his June 25, 2007 conviction by plea agreement on the charges of: (1) conspiracy to distribute and possess with the intent to distribute cocaine base and cocaine, 21 U.S.C. § 846; and (2) possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).  These challenges are based upon Phillpots' claims that he received ineffective assistance of counsel.  No hearing is necessary to decide this matter.  *See* Local Rule 105.6 (D. Md. 2009).  For the reasons set forth below, the Court will, by separate order, DENY Petitioner's Motion to Vacate under 28 U.S.C. § 2255.

## BACKGROUND

The facts of the underlying criminal case, as stipulated and agreed to by Phillpots in the plea agreement, are not in dispute.  On December 22, 2006, a valid search and seizure warrant was executed by law enforcement officers at 1615 North Warwick Avenue, Baltimore, MD

21216.  During the search, officers recovered approximately 100.23 grams of crack cocaine, a digital drug scale, drug packaging materials, identification documents in Phillpots' name, and approximately $11,544 in U.S. currency.  Officers also recovered a loaded IMI Dessert Eagle, .357 Magnum PI semi-automatic handgun and a loaded Taurus Model 85, .38 special revolver.  Investigating officers determined Phillpots possessed the weapons and that the North Warwick residence was used by Phillpots to store, package, and sell crack cocaine.

## PROCEDURAL HISTORY

On March 15, 2007, Phillpots was indicted by a federal grand jury on charges of conspiracy to distribute cocaine base, *see* 21 U.S.C. § 846, possession of cocaine base with intent to distribute, and aiding and abetting the same, *see* 21 U.S.C. § 841(a), and 18 U.S.C. § 2, and possession of a firearm in furtherance of a drug trafficking offense.  *See* 18 U.S.C. § 924(c).

On June 25, 2007, Petitioner pled guilty to possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 924(c).  On October 1, 2007, Phillpots was sentenced to 180 months in prison, the mandatory minimum for the charges.  On September 18, 2008, the United States Court of Appeals for the Fourth Circuit dismissed Phillpots' appeal.

On September 18, 2009, this Court received Phillpots' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Phillpots subsequently filed three separate amended petitions.

## ANALYSIS

Petitioner contents that he received ineffective assistance of counsel because his attorney: (1) did not fully advise him of the terms of his guilty plea; (2) coerced him into signing the plea agreement; and (3) failed to appeal his case despite Petitioner's request.

A defendant may assert a claim of ineffective assistance of counsel through a collateral challenge pursuant to 28 U.S.C. § 2255. *United States v. Martinez*, 136 F.3d 972, 979–80 (4th Cir. 1998). To prevail on such a claim, a petitioner must satisfy the two prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To satisfy the first prong of the *Strickland* test, a petitioner must show that his counsel's representation was deficient and failed to reach an "objective standard of reasonableness." *Strickland*, 466 U.S. at 687–91. In evaluating such conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prevail, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant in the Sixth Amendment." *Id.* at 687–91.

To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Towards this end, there must be a demonstration that "counsel's errors were as serious as to deny the defendant the opportunity of a fair trial, a trial whose result is reliable." *Id*. at 687. Accordingly, a petitioner must show not just that counsel's deficient conduct had a reasonable probability of affecting the outcome of the proceeding, but also that, because of it, the "result of the proceeding was fundamentally unfair or unreliable . . . ." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

The Fourth Circuit has previously noted that "[t]he defendant bears the burden of proving the first prong under the *Strickland* test," and unless this burden is met, "a reviewing court does not need to consider the second prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992). The Fourth Circuit has also noted that the mere possibility of a different trial result

does not satisfy the burden placed on the defendant.  *See Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986).  Thus, ineffective assistance of counsel claims may be disposed of solely based on a deficiency in showing prejudice.  *See Strickland*, 466 U.S. at 697.

Petitioner argues that defense counsel failed to fully advise him of the terms of the guilty plea.  However, the plea agreement demonstrates that Petitioner fully understood the terms of the plea.  Petitioner himself signed the plea agreement which states that, "I (Petitioner) have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney."  (Plea Agreement at 7.)  Furthermore, in the same plea agreement, defense counsel stated: "I am Wayne Phillpots' attorney.  I have carefully reviewed every part of this agreement with him.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one."

In addition, no evidence supports Petitioner's assertion that he was coerced into entering into a guilty plea.  Defense counsel has filed an affidavit under penalty of perjury which states that he met with Petitioner on several occasions.  Counsel submits that he discussed Petitioner's options in the case, including a plea, and that the decision to enter into the plea was Petitioner's decision alone.  Furthermore, Petitioner signed the plea agreement after stating:  "I have read this agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it."

In *Fields*, the Fourth Circuit held that statements previously made under oath affirming satisfaction with counsel are binding on the defendant absent clear and convincing evidence to the contrary.  965 F.2d at 1299.  In this case, Petitioner has not set forth any evidence to the contrary and is therefore bound to these statements.

Furthermore, Petitioner has failed to satisfy either prong of the *Strickland* test with respect to his claim that he was coerced into signing the plea agreement.  As to the first prong of the *Strickland* test, Petitioner has failed to show any grounds that defense counsel's efforts fell below any objective standard of reasonableness.  As to the second prong, the Fourth Circuit in *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), held that a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and have insisted on going to trial." *Id.* at 475 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Here, Petitioner has failed to show that but for defense counsel's efforts, the outcome of the case would have changed.

Finally, Petitioner claims that he requested his attorney to file an appeal on his behalf, but that such appeal was never filed.  The Supreme Court has stated that the failure to file a requested notice of appeal is per se ineffective counsel, regardless of merit.  *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000).  The Fourth Circuit has interpreted *Flores-Ortega* to mean that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).  This holding by the Fourth Circuit is consistent with the interpretations of the Second, Ninth, Tenth, and Eleventh Circuits. *Id.* at 273 ("[o]ur decision today is consistent with the four United States Courts of Appeal that have concluded that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal") (citing *United States v. Campusano*, 442 F.3d 770, 772-77 (2d Cir. 2006); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195–99 (9th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1265–67 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d

788, 791–94 (11th Cir. 2005)). As a result, Petitioner's right to an appeal is not precluded merely because of the waiver of appeal that he executed in the plea agreement.

Defense counsel in this case has submitted a sworn affidavit in which he unequivocally states that Petitioner never requested an appeal. Petitioner, on the other hand, has not provided any contravening affidavits, and there is absolutely no evidence in the record that would support his claim. The Fourth Circuit's holding in *Poindexter* does not require a district court to conduct an evidentiary hearing each and every time a defendant baldly alleges, in a § 2255 petition, that he instructed his attorney to file an appeal. An evidentiary hearing is only warranted when there is some indicia of uncertainty in the record concerning the issue.[1] *See Poindexter*, 492 F.3d at 272 (noting that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing *if it is unclear in the record whether the attorney was so instructed*") (emphasis added). Because Petitioner's allegation that defense counsel denied his request for an appeal is entirely unsubstantiated, Petitioner may not establish ineffective assistance of counsel on this ground.

## CONCLUSION

For the foregoing reasons, Petitioner's claims of ineffective counsel are without merit and his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is accordingly DENIED. A Separate Order follows.

Dated: March 11, 2010                     /s/_____
                                          Richard D. Bennett
                                          United States District Judge

---

1 In *Greene v. United States*, 2009 U.S. Dist. LEXIS 6624, at *5-7 (D. Md. Jan. 28, 2009), this Court determined that it was necessary to conduct an evidentiary hearing because the government did not accept or deny the petitioner's claim that defense counsel disregarded his request for an appeal. Indeed, the government in that case conceded that a hearing would be necessary to resolve factual questions on the issue. Thus, the situation in *Greene*, where ambiguity in the record was recognized by both parties, is clearly distinguishable from the instant case, where there is no basis for uncertainty on the issue.